FILED

2012 AUG 10 AM 9:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>            Plaintiff,<br><br>    vs.<br><br>TINA RENEE UPCHURCH-WILLIAMS,<br><br>            Defendant. | Case No. ED CV 12-1263-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

    On July 31, 2012, defendant Tina Renee Upchurch-Williams, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice Of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

|     |     |
| --- | --- |
| 1 | diversity or federal question jurisdiction, and therefore removal is improper. 28 |
| 2 | U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, |
| 3 | 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted |
| 4 | federal question jurisdiction as her basis for removal. But as described in more |
| 5 | detail in the Order Denying Defendant's Request to Proceed Without Prepayment |
| 6 | of Filing Fee, because the unlawful detainer action to be removed does not |
| 7 | actually raise the federal claims to which defendant points, there is no basis to |
| 8 | assert federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. |
| 9 | Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the |
| 10 | Superior Court of California, Riverside County, Hemet Court, 880 North State |
| 11 | Street, Hemet, CA 92543, for lack of subject matter jurisdiction pursuant to 28 |
| 12 | U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state |
| 13 | court; and (3) that the Clerk serve copies of this Order on the parties. |

DATED: 8/3/12

HONORABLE AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

FILED

2012 AUG 10 AM 9: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                Plaintiff,<br><br>    vs.<br><br>TINA RENEE UPCHURCH-WILLIAMS,<br><br>                Defendant. | Case No. ED CV 12-1263-UA (DUTYx)<br><br>ORDER DENYING DEFENDANT'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEE |

    Pro se defendant Tina Renee Upchurch-Williams lodged a Notice of Removal herein on July 31, 2012. Defendant also filed a Request to Proceed In Forma Pauperis ("IFP Request") on July 31, 2012.

    After careful review and consideration of the allegations of the Notice of Removal, and pursuant to 28 U.S.C. Section 1915, the Court finds that defendant's allegations in support of removal are frivolous and that the Court lacks jurisdiction.

    The Court has screened the Notice of Removal prior to ruling on the IFP Request, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a party who is immune from such relief.

In addition, the Court has screened the Notice of Removal to determine whether it alleges facts in support of federal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Since defendant is appearing pro se, the Court must construe the allegations of the Notice of Removal liberally and must afford defendant the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Even so, it is well-established that "the plaintiff is 'the master of the complaint'" and can plead to avoid federal jurisdiction. *Holmes Group, Inc. V. Vornado Air Circulations Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L.Ed.2d 13 (2002).

Here, although defendant's Notice of Removal does not clearly state any basis for removal, it indicates that federal question jurisdiction is the asserted basis for removal; however, it does not adequately support this assertion. The Notice of Removal specifically states that it is based on denial of due process, equal protection, and the "Federal secured right to live freely and unencumbered in ones' person and property." Notice of Removal; *see* 28 U.S.C. § 1331. Defendant also attaches to the Notice of Removal (among other documents) a demurrer to the underlying state action in which defendant claims, inter alia, that plaintiff has committed treason in violation of 18 U.S.C. § 2381. Notice of Removal, Ex. B at 2. But these alleged violations of federal law are plainly not the basis for *plaintiff's* causes of action; instead, these appear to be defenses being asserted by defendant, not claims in the underlying complaint. The federal question must arise from the underlying complaint to be removed, not from the notice of removal. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct.

3229, 92 L. Ed. 2d 650 (1986) ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'").

Defendant here has failed to attached a copy of the underlying complaint to be removed to her Notice of Removal, which in and of itself renders the Notice of Removal deficient. *See* 28 U.S.C. § 1446(a). But defendant has attached multiple other filings from the underlying state case that reference its case number, and from this the court can tell that the case to be removed is the same case at issue in the "Affidavit of Complaint Writ of Mandamus" defendant also filed in this Court on July 31, 2012, in case number CV 12-6596. Defendant did include the underlying state complaint in her filing in case number CV 12-6596. Consequently, the Court is able to determine that the underlying state action to be removed in this case is a straight-forward unlawful detainer action, and therefore does not present a federal question. Although it does appear that defendant is seeking to assert a federal defense to the state unlawful detainer action, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 808; *accord More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1244 (9th Cir. 2009).

For these reasons, defendant's IFP Request is DENIED.

DATED: 8/3/12

HONORABLE AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge

3